UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| OLIVA CAMACHO CHOPIN and DAVID CRUZ BENAVIDES,<br><br>                    Petitioner,<br><br>          v.<br><br>MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, et al.,<br><br>                    Respondents. | Case No. 5:26-cv-04114-DTB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

**I.**

**PROCEEDINGS**

On July 22, 2026, petitioners Oliva Camacho Chopin ("Chopin") and David Cruz Benavides ("Benavides") (collectively referred to herein as "Petitioners"), represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (Docket No. 1), accompanied by a supporting Memorandum of Points and Authorities (Docket No. 1-1) and supporting exhibits (Docket No. 1-2).  The Petition alleges the following claims for habeas relief:  (1)

1

The denial of a bond hearing for Petitioners under 8 U.S.C. § 1226 violates Petitioners' rights under the Immigration and Nationality Act and Petitioners' rights as members of the Bond Eligible Class of detainees certified in Maldonado Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) reconsideration granted in part, 813 F. Supp. 3d 1075 (C.D. Cal 2025), amended and superseded on reconsideration, 813 F. Supp. 3d 1084 (C.D. Cal 2025) ("Bautista")[1]; and (2) Petitioners' detention without an initial custody

---

[1]    The members of the certified Bond Eligible Class are: "All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." Bautista, 813 F. Supp. 3d at 1077-78.

On December 18, 2025, the court entered final judgment and granted declaratory relief to all members of the Bond Eligible Class. See Bautista, 813 F. Supp. 3d at 1084. Pursuant to the final judgment entered, the court declared that "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a)" and that "the Bond Eligible Class members are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." Bautista v. Noem, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).   On February 18, 2026, the court granted a motion to enforce the declaratory judgment and vacated the Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025) as contrary to law under the Administrative Procedures Act.  Bautista v. Santacruz, 2026 WL 468284, at *12 (C.D. Cal. Feb. 18, 2026).  "On March 6, 2026, the Ninth Circuit administratively stayed the December 18, 2025 declaratory judgment in [Bautista] 'insofar as [it] extends beyond the Central District of California' pending a ruling on the Government's motion for a stay pending appeal."  Castro v. Johnson, Case No. 5:26-cv-01592-PVC, 2026 WL 1104766, at *3 (C.D. Cal. Apr. 17, 2026) (citation omitted).  "On March 31, 2026, the Ninth Circuit granted the government's emergency motion for a stay pending appeal as follows:  (1) the Bautista court's December 18, 2025 class certification order and final judgment is stayed pending appeal, insofar as they extend beyond the Central District of California; and (2) the district court's February 18, 2026 post-judgment order vacating Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025) is stayed pending appeal."  Vivas v. Santacruz, Case No. 5:26-cv-01926-JFW-KES, 2026 WL 1122208, at *1 (C.D. Cal. Apr. 20, 2026) (citation omitted).  Therefore, "the Bautista court's December 18, 2025 judgment remains in place as to the Central District of California."  Id.

As such, the declaratory judgment entered in Bautista has "the force and effect of a final judgment or decree."  28 U.S.C. § 2201(a); see also Haaland v. Brackeen, 599 U.S. 255, 293 (2023) ("After all, the point of a declaratory judgment is to establish a binding adjudication that enables the parties to enjoy the benefits of reliance and repose secured by res judicata.") (citation and internal quotation marks omitted).  As parties to Bautista, Respondents are obligated to comply.

determination bond hearing violates Petitioners' right to due process under the Fifth Amendment. (Docket No. 1 at 9-10[2]; Docket No. 1-1 at 10-14).  The Petition seeks, among other things, Petitioners' immediate release from custody or, in the alternative, an individualized bond hearing before a neutral Immigration Judge. (Docket No. 1 at 11-12; Docket No. 1-1 at 14-15).

On July 29, 2026 (pursuant to General Order 26-05's expedited briefing schedule, see Docket No. 4), Respondents filed an Answer to the Petition ("Answer").  (Docket No. 10).  In the Answer, Respondents initially contend that the joinder of Petitioners in this action is improper.  (Id. at 2 ["The Petitioners are unrelated, are citizens of different countries, were arrested on different dates and locations, and have different bond postures.  Under these divergent circumstances, joinder is inappropriate."]).[3]  Respondents then acknowledge that Petitioners appear to be members of the Bond Eligible Class of detainees certified in Bautista, and that, as such, Petitioners are entitled to a bond hearing pursuant to the judgment in Bautista.  (Id. at 3 ["Respondents acknowledge that Petitioners' claims in this action appear to be subject to the *Bautista* judgment, the order enforcing the same, and to

---

See Maness v. Meyers, 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly.").

[2]   For the parties' pleadings, the Court cites to the CM/ECF pagination at the top of each page.

[3]   Since the questions of law and fact as to Petitioners are similar, as Petitioners assert (see Docket No. 11 at 2-3 ["Petitioners here assert identical claims for relief and the questions of law and of fact in this petition are identical.  Both Petitioners challenge the legality of Respondents' improper determination that Petitioner's despite being physically present within the interior of and residing in the United States when arrested by immigration agents, should be deemed to be seeking admission to the United States and therefore subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A)."]), the Court is not prepared to find the joinder of Petitioners improper.  See Fed.R.Civ. P 20(a)(1) ("Persons may join in one act as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."); Fed.R.Civ.P 21 ("Misjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party.");

3

any applicable appellate proceedings relating to it."]).  Respondents also state that "[t]o the extent bond hearings are ordered here, they should be consistent with what Courts in this District have generally ordered in similar cases, which is to require an 8 U.S.C. § 1226(a) hearing."  (Id.).

On July 29, 2026, Petitioners filed a Reply.  (Docket No. 11).

On July 30, 2026, Petitioners filed supplemental authority in support of their Petition.  (Docket No. 12).

Thus, this matter is now ready for decision.  For the reasons set forth below, the Court recommends that the Petition be granted.

## II.
## BACKGROUND[4]

### A      Chopin.

Chopin apparently is a native and citizen of Mexico.  (Docket No. 1-2 at 7, 13).  She apparently entered the United States at an unknown place and on an unknown date without being admitted, paroled, or inspected.  (Id.).  She has resided in the United States for over thirty-five years, since approximately 1989, and has never departed. (Docket No. 1-1 at 7; Docket No. 1-2 at 18 (¶ 8)).

On December 31, 2016, Chopin was arrested in San Bernardino County and charged with one count of violation of California Penal Code Section 459.5; on June 30, 2026, that charge was dismissed pursuant to a motion by the prosecution. (Docket No. 1-1 at 7; Docket No. 1-2 at 18 (¶¶ 5-6); Docket No. 1-2 at 15).

On April 16, 2026, Chopin was arrested by immigration officers in Los Angeles, California.  (Docket No. 1 at 6; Docket No. 1-1 at 7; Docket No. 1-2 at 17 (¶ 3); Docket No. 1-2 at 12).  At the time of her arrest, Respondents failed to provide Chopin with a custody determination.  (Docket No. 1-1 at 8).  On that date, Chopin

---

4      The Background is drawn from the Petition.

4

was issued a Notice to Appear, charging her as subject to removal pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).  (Docket No. 1-1 at 7; Docket No. 1-2 at 7-9).

Chopin was scheduled to appear for a bond hearing on May 7, 2026, but Chopin's attorney withdrew the request for bond after the assigned immigration judge ruled in another matter that he lacked jurisdiction to grant bond to individuals present without admission/inspection.  (Docket No. 1-1 at 7; Docket No. 1-2 at 17 (¶ 2)).

Chopin is eligible for Cancellation of Removal pursuant to 8 U.S.C. § 1229b(b)(1).  (Docket No. 1-1 at 7; Docket No. 1-2 at 19-20 (¶ 11)).

Chopin is married and has one stepchild, a United States citizen, who has epilepsy, a neurological disorder that causes unprovoked seizures.  (Docket No. 1-1 at 7; Docket No. 1-2 at 18 (¶ 8)).  Chopin's husband suffers from diabetes and is unable to work.  (Docket No. 1-1 at 7-8; Docket No. 1-2 at 18 (¶ 8)).  Chopin is the primary caretaker and financial provider in her family.  (Docket No. 1-1 at 8; Docket No. 1-2 at 18 (¶ 8)).  Chopin has held steady employment as a street vendor and a materials distributor for various clinics for almost thirty-five years, and has filed income taxes for approximately twenty years.  (Docket No. 1-1 at 8; Docket No. 1-2 at 18-19 (¶¶ 8-9)).  Chopin has strong community ties.  (Docket No. 1-1 at 8; Docket No. 1-2 at 19 (¶ 10)).  Chopin has no criminal convictions.  (Docket No. 1-1 at 8; Docket No. 1-2 at 18 (¶ 5)).  Chopin has had no previous contact with immigration authorities.  (Docket No. 1-1 at 8; Docket No. 1-2 at 18 (¶ 7)).

Chopin is allegedly being detained at the Adelanto ICE Processing Center in Adelanto, California.  (Docket No. 1 at 2, 6, 13; Docket No. 1-1 at 7; Docket No. 1-2 at 17 (¶ 3).

///

///

**B.    Benavides.**

Benavides apparently is a native and citizen of El Salvador.  (Docket No. 1-2 at 26).  He entered the United States at an unknown place and on an unknown date without inspection.  (Id. at 26, 28; Docket No. 1-2 at 43 (¶ 7)).  Since approximately June 1990, he has resided continuously in the United States.  (Docket No. 1-1 at 9; Docket No. 1-2 at 43 (¶ 7)).

In October 1993, Benavides was convicted of misdemeanor hit and run (which did not involve injuries), a violation of California Vehicle Code Section 20001, and was sentenced to 36 months of probation.  (Docket No. 1-2 at 43 (¶ 5); see Docket No. 1-2 at 34-40).  In October 2005, Benavides was convicted of misdemeanor assault of a family or household member (which did not involve bodily harm), a violation of Virginia Code Section 18.2-57.2, and was sentenced to 3 months of probation.  (Id.).

On May 12, 2026, after being followed by immigration officials in an unmarked car, Benavides was stopped and arrested by immigration officers in Indio, California.  (Docket No. 1 at 6; Docket No. 1-1 at 9; Docket No. 1-2 at 42 (¶ 4)); Docket No. 1-2 at 27).  At the time of his arrest, Respondents failed to provide Petitioner with a custody determination.  (Docket No. 1-1 at 9-10).  On that date, Benavides was issued a Notice to Appear, charging him as subject to removal pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).  (Docket No. 1 at 6-7; Docket No. 1-1 at 9; Docket No. 1-2 at 22-24).

Benavides is eligible to apply for Withholding of Removal from El Salvador and is also eligible to be a beneficiary for an I-130, Petition for an Alien Relative.  (Docket No. 1-1 at 9; Docket No. 1-2 at 44 (¶ 9)).

On June 24, 2026, Benavides' attorney submitted a bond request on Benavides' behalf.  (Docket No. 1-2 at 42 (¶ 2)).  On July 2, 2026, the Immigration

6

Judge denied the request based on the lack of jurisdiction pursuant to <u>Matter of Yajure Hurtado</u>, 29 I. & N. Dec. 216 (BIA 2025).  (Docket No. 1-1 at 7, 10; Docket No. 1-2 at 31-32; Docket No. 1-2 at 42 (¶ 2)).

Benavides has four children, ages 2, 27, 30 and 32, all United States citizens, and nine grandchildren.  (Docket No. 1-1 at 9; Docket No. 1-2 at 43-44 (¶¶ 7-8).  Since his arrival in the United States, Benavides has maintained consistent employment as a landscaper.  (Docket No. 1-1 at 9; Docket No. 1-2 at 43 (¶ 7)).  Benavides financially supports his partner, a lawful permanent resident, and his minor child.  (Docket No. 1-1 at 9; Docket No. 1-2 at 43-44 (¶ 8).  Benavides has strong community ties.  (Docket No. 1-1 at 9; Docket No. 1-2 at 43 (¶ 8)).  Benavides has no prior immigration history.  (Docket No. 1-1 at 9-10; Docket No. 1-2 at 43 (¶ 6)).

Benavides is being detained at the Adelanto ICE Processing Center in Adelanto, California.  (Docket No. 1 at 2, 6; Docket No. 1-1 at 8; Docket No. 1-2 at 42 (¶ 3); <u>see</u> https:/locator.ice.gov/odls/#/results).

### III.

### LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States."  <u>Hamdi v. Rumsfeld</u>, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been

strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

## IV.

## DISCUSSION

### A.   Habeas Relief is Warranted.

Given Respondents' election not to oppose the merits of the claims alleged in the Petition, the Court considers Respondents to have consented to the facts and arguments raised in the Petition pursuant to Central District of California Local Civil Rule 7-12. Accordingly, the Court considers the facts and contentions alleged by Petitioners to be unopposed.

Respondents' non-opposition itself provides a basis to grant the Petition. See Singh v. Chiang, Case No. 5:25-cv-3024-FMO-SP, 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) (construing the government's failure to oppose argument raised by habeas petitioner as a concession); Soleimani v. Larose, Case No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting habeas petition where the government's answer to the petition did not respond to all claims in the petition).

Moreover, Respondents affirmatively do not oppose a Bautista bond hearing for Petitioners pursuant to 8 U.S.C. § 1226(a). (Docket No. 10 at 2-3). Accordingly, on this record, the Court finds that Petitioners' continued detention violates 8 U.S.C. § 1226(a) and Petitioners' right to due process. (Docket No. 1 at 9-10).

Respondents are ordered to provide Petitioners with an individualized bond hearing before an immigration judge consistent with all applicable statutory requirements and agency regulations, and in which the government bears the burden of proof by clear and convincing evidence.  See Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), judgment entered sub. nom., Bautista v. Noem, Case No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025); see also Urias v. Lyons, Case No. 5:26-cv-02697-JAK-MAR, 2026 WL 1683497, at *2-3 (C.D. Cal. June 10, 2026).[5]

For the reasons set forth above, the Petition is granted, and a writ shall issue ordering Respondents to provide Petitioners with a bond hearing.

## IV.

## ORDER

IT THEREFORE IS ORDERED that Judgment be entered:  (1) Granting the Petition; (2) ordering Respondents to provide Petitioners Oliva Camacho Chopin (A# 246-061-255) and David Cruz Benavides (A# 070-095-538) with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), as well as 8 C.F.R. §§ 1003.19 and 1236.1, and at which the government bears the burden of proof of proving by clear and convincing evidence that Petitioners are a flight risk or danger to the community,[6] within seven (7) days of the date of the date of this Order; (3) ordering Respondents to provide the immigration judge conducting the bond hearing with a copy of this Order; (4)

---

[5]    The Court notes that Petitioners do not argue that a bond hearing is futile.

[6]    The immigration judge must exercise his or her discretion to make a determination about whether to release Petitioners on bond based on relevant factors, including, but not limited to, criminal history, immigration history, manner of entry, whether fixed residence, length of residence, family ties, employment history, and compliance with prior orders.  See Matter of Guerra, 241 I. & N. Dec. 37, 40 (BIA 2006).  In addition, the immigration judge must provide the reasons for the decision orally or in writing.  See 8 C.F.R. § 1003.19(f).

9

ordering Respondents to release Petitioners from custody within eight (8) days following the date of this Order if they have not been provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a); and (5) ordering Respondents to file a status report within two (2) business days of the date of Petitioners' bond hearings or the date of Petitioners' release, attesting to Respondents' compliance with this Order.

DATED: August 3, 2026 _____

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE