**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| OLIVA CAMACHO CHOPIN and DAVID CRUZ BENAVIDES,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, et al.,<br><br>Respondents. | Case No. 5:26-cv-04114-DTB<br><br>**J U D G M E N T** |

Pursuant to the Order Granting Petition for Writ of Habeas Corpus,

IT IS ADJUDGED that the Petition in granted. Respondents are ordered to provide Petitioners Oliva Camacho Chopin (A# 246-061-255) and David Cruz Benavides (A# 070-095-538) with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), as well as 8 C.F.R. §§ 1003.19 and 1236.1, and at which the government bears the burden of proof of proving by clear and convincing evidence that Petitioners are a flight risk or danger to the

community,[1] within seven (7) days of the date of the date of the Order Granting Petition for Writ of Habeas Corpus.

Respondents are ordered to provide the immigration judge conducting the bond hearing with a copy of the Order Granting Petition for Writ of Habeas Corpus.

Respondents are ordered to release Petitioners from custody within eight (8) days following the date of the Order Granting Petition for Writ of Habeas Corpus if they have not been provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

Respondents are ordered to file a status report within two (2) business days of the date of Petitioners' bond hearings or the date of Petitioners' release, attesting to Respondents' compliance with the Order Granting Petition for Writ of Habeas Corpus.

DATED: August 3, 2026

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

[1] The immigration judge must exercise his or her discretion to make a determination about whether to release Petitioners on bond based on relevant factors, including, but not limited to, criminal history, immigration history, manner of entry, whether fixed residence, length of residence, family ties, employment history, and compliance with prior orders. See Matter of Guerra, 241 I. & N. Dec. 37, 40 (BIA 2006). In addition, the immigration judge must provide the reasons for the decision orally or in writing. See 8 C.F.R. § 1003.19(f).